UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD M. TAYLOR,

        Petitioner,

v.
                             Case No. 4:25-cv-10404
                             Honorable F. Kay Behm

ADAM DOUGLAS,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Donald M. Taylor, currently in the custody of the Michigan Department of Corrections, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his plea-based conviction for first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b, and second or subsequent offense notice, Mich. Comp. Laws § 750.520f. Respondent filed a motion to dismiss and an amended motion to dismiss arguing that the petition was not timely filed. (ECF Nos. 8 & 10.) For the reasons discussed, the Court grants the motion to dismiss because the petition is untimely under the statute of limitations set forth under 28 U.S.C. § 2244(d)(1) and declines to issue a

certificate of appealability.  The Court further grants Petitioner leave to proceed *in forma pauperis* on appeal because an appeal can be taken in good faith.

## I.  BACKGROUND

On May 18, 2016, Petitioner pleaded guilty to first-degree criminal sexual conduct and second or subsequent offense notice in the Kalamazoo County Circuit Court.  The trial court sentenced Petitioner to 17 to 25 years' imprisonment.  (ECF No. 1, PageID.1.)  Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  On May 22, 2017, the Michigan Court of Appeals denied the application. (ECF No. 9-11, PageID.352.)  On March 5, 2018, the Michigan Supreme Court denied Petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the] Court." *People v. Taylor*, 501 Mich. 982, 907 N.W.2d 565, 566 (2018).

In June 2022, Petitioner filed a motion for relief from judgment in the trial court, which the court denied.  (ECF No. 9-8.)  The trial court further denied Petitioner's motion for reconsideration on October 21, 2022.  (ECF No. 9-10.)  Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, which was denied on November 27, 2023.  (ECF No. 9-12, PageID.409.)  He next sought leave to appeal in the Michigan Supreme Court, which denied the application on October 23, 2024.  *People v. Taylor*, 515 Mich. 995, 12 N.W.3d 175 (2024).

2

Petitioner then initiated this habeas action on February 2, 2025. The petition was filed in the Court on February 11, 2025. Petitioner raises claims concerning the voluntariness of his plea, ineffective assistance of trial counsel, resentencing, the accuracy of the presentence investigation report, and ineffective assistance of appellate counsel. (*See* ECF No. 1, PageID.5-10.) Respondent has filed a motion to dismiss arguing that the petition is untimely. (ECF Nos 8 & 10.) Petitioner asserts that his petition is timely because he sought post-conviction review, his appellate counsel was ineffective in failing to overcome the statute of limitations under 28 U.S.C. § 2244, and he is actually innocent of CSC-I. (ECF No. 1, PageID.13.)

## II.   DISCUSSION

### A. Timing

Respondent moves to dismiss the petition on the ground that it is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period ordinarily runs from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

3

United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner is not relying on a newly recognized constitutional right nor has he alleged that a state-created impediment prevented him from filing a timely petition.  Rather, he appears to rely on subsection § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), and subsection § 2244(d)(1)(D), which concerns discovery of the factual predicate of the claim.

On March 5, 2018, the Michigan Supreme Court denied Petitioner's application for leave to appeal. *Taylor*, 501 Mich. 982.  His conviction became final on June 3, 2018, when the time for seeking a writ of certiorari with the United States Supreme Court expired.  *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The last day on which a petitioner can petition for certiorari is not counted toward the one-year limitations period.  *Id*. at 285.  Accordingly, the limitations period began on June 4, 2018.  That limitations period expired one year later on

4

June 4, 2019.  As noted, Petitioner filed his habeas petition on February 2, 2025, several years too late.  While Petitioner submitted a postconviction filing, he filed it well after June 4, 2019.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

To the extent Petitioner contends that his habeas petition should be tolled based on when he discovered his claim, the Court is not persuaded this date changes the calculation of limitations period.  Petitioner presents a September 2015 lab report from the Michigan State Police analyzing DNA collected from the victim in his criminal case, the results of which showed that Petitioner was excluded as a donor. (ECF No. 1, PageID.23.)  However, it is evident from the state-court record that this lab report was known to Petitioner prior to entering his guilty plea.  In a motion to compel dated October 12, 2015, defense counsel admits to receiving the lab results, stating "[t]hat those DNA results recite that while sperm was found in the Complainant after the event in question, said male sperm was not Defendant's.  In fact, Defendant is excluded as a donor in this case." (ECF No. 9-6, PageID.211.)  Despite the DNA report, Petitioner pleaded guilty to CSC-I on May 12, 2016.  (ECF No. 9-3.)  So Petitioner knew of the DNA results prior to entering his guilty plea.  Thus, subsection § 2244(d)(1)(D) is no help to Petitioner. The petition is time-barred unless equitable tolling applies.

B. Equitable Tolling

The one-year limitations period may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 462 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Petitioner states that he is entitled to equitable tolling because his appellate counsel "was ineffective in failing to overcome the statute of limitations under 28 U.S.C. § 2244." (ECF No. 1, PageID.13.)  Ineffective assistance of counsel can constitute an extraordinary circumstance that would entitle a petitioner to equitable tolling. *See Keeling*, 673 F.3d at 462.  But "[d]espite the presence of such circumstances, the statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence." *Id*.

6

Petitioner does not explain how his appellate counsel's alleged ineffectiveness prevented him from complying with the one-year statute of limitations.  For instance, this is not a case where Petitioner claims that his appellate counsel failed to timely inform him of an appellate decision.  *See id*. (noting that a "substantial, involuntary delay in learning about the status of [a petitioner's] appeals" may constitute an extraordinary circumstance) (quoting *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011)).  Rather, the alleged failings of counsel appear to concern his direct appeal and do not account for Petitioner's own failure to comply with the limitations period that did not start running until after his direct appeal was over, nor do they account for "[Petitioner's] ability to timely seek collateral relief."  *Jordan v. Campbell*, No. 18-1045, 2018 WL 3472699, at *2 (6th Cir. May 30, 2018).  Therefore, the Court does not find that equitable tolling applies on this basis.

C. Actual Innocence

Petitioner also argues that he is actually innocent of CSC-I.  Actual innocence may "serve[ ] as a gateway through which a petitioner may pass" when his petition is time-barred.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was

not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also*

*Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024).  And so, a petitioner who

presents a credible claim of actual innocence is entitled to equitable tolling of

AEDPA's statute of limitations.  *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir.

2005).

When a petitioner has pleaded guilty, as here, the question of whether the

actual innocence exception applies is more complex.  Courts in this circuit have

held that the actual-innocence exception does not apply when the petitioner

pleaded guilty.  *See Shofner v. Green*, No. 0:20-cv-23, 2020 WL 8475034, at *4–5

(E.D. Ky. Apr. 16, 2020) (collecting cases), report and recommendation adopted,

2021 WL 472911 (E.D. Ky. Feb. 9, 2021).  After all, "a valid guilty plea

relinquishes any claim that would contradict the 'admissions necessarily made

upon entry of a voluntary plea of guilty.'"  *Class v. United States*, 583 U.S. 174,

183 (2018) (quoting *United States v. Broce*, 488 U.S. 563, 573–74 (1989)).  "[A]

counseled plea of guilty is an admission of factual guilt so reliable that, where

voluntary and intelligent, it quite validly removes the issue of factual guilt from the

case."  *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975).  And any "attack on the

sufficiency of the evidence that might have been produced at trial [is] clearly

waived by [a] defendant's guilty plea."  *United States v. Manni*, 810 F.2d 80, 84

(6th Cir. 1987).

That said, the Sixth Circuit, in an unpublished opinion, has noted that "[a] petitioner may claim actual innocence for the purposes of equitable tolling, even if his conviction was the result of a plea." *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008). There are also some district-court cases in this Circuit that applied *Souter* after a guilty plea. *See, e.g., Eads v. Bottom*, No. 6:13-cv-29, 2014 WL 2742581, at *5 (E.D. Ky. June 12, 2014) ("[A] defendant [who] pled guilty still may assert a *Schlup* claim. . . . [but] the application of *Schlup* in the plea context creates a host of analytical difficulties."); *Miles v. Ohio*, No. 1:09-cv-262, 2010 WL 5899288, at *4 (S.D. Ohio Mar. 11, 2010) (applying *Souter* when the petitioner had pleaded guilty, but finding he did not "meet his burden of establishing actual innocence"), report and recommendation adopted, 2011 WL 799847 (S.D. Ohio Mar. 2, 2011).

Regardless of whether actual innocence applies in guilty-plea cases, the Court finds that Petitioner has not satisfied the "high bar" of *Schlup* to warrant tolling. As discussed, Petitioner was aware of the September 2015 DNA report prior to entering his guilty plea. But even if the DNA report qualified as "new" evidence under *Schlup*, it is nevertheless unreliable. First, in the same motion to compel, defense counsel stated that "counsel has been informed that said DNA results show that the Complainant's female DNA "destroyed" all other donors' DNA." (*Id*. at PageID.211.) Based on this admission, the fact that Petitioner was

9

excluded as a donor does not conclusively show his factual innocence of CSC-I.

Second, the record is fraught with Petitioner's admissions of guilt.  (PSIR, ECF

No. 9-6, PageID.226) ("The Defendant was later interviewed again at headquarters

where he initially denied the assault but then later admitted to it."); (*Id.*) ("He did

admit that he had sexual intercourse with her but stated she was coming onto

him."); (Plea Tr, ECF No. 9-3, PageID.145) (The trial court asked, "So on or

around June 25, 2015, in Kalamazoo County did you engage in sexual penetration

with a 15 year old?" Petitioner responded, Yes.").  The Court finds that Petitioner's

claim of actual innocence is refuted by his repeated admissions of guilt in the state-

court record and counsel's own admissions regarding the reliability of the DNA

report.  Accordingly, the petition is time barred.

## III.   CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not

proceed unless a certificate of appealability (COA) is issued under 28 U.S.C.

§ 2253.  A COA will be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a

district court denies relief on the merits, the substantial showing threshold is met if

the petitioner demonstrates that "reasonable jurists would find the court's

assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  When a district court denies relief on procedural

grounds without addressing the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In this case, jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely debatable.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** the motion to dismiss (ECF Nos. 8 & 10) and **DISMISSES** the petition for writ of habeas corpus. The Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated:  March 31, 2026

<u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge

11